UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLPH KENNETH DANSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civil Action No. 16-1141 (RMC) <br> (All filings in Criminal Action <br> No. 10-cr-51) |

MEMORANDUM OPINION

On October 7, 2011, Randolph Kenneth Danson pleaded guilty to one count of conspiracy to participate in a racketeer influenced corrupt organization in violation of 18 U.S.C. § 1962(d). On December 21, 2011, Mr. Danson was sentenced to 192 months' (16 years) incarceration, which was the number of months agreed to by the parties in his Rule 11(c)(1)(C) plea. Mr. Danson now moves *pro se* under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence due to a change in the United States Sentencing Guideline used to calculate his Guidelines sentencing range. Setting aside the question of whether Mr. Danson's sentence was based on the Guidelines and can be altered through a § 2255 motion, the Court finds that there are no relevant changes in the Guidelines and therefore will deny the motion for a reduction in sentence.

I. BACKGROUND AND JURISDICTION

On March 10, 2010 a grand jury returned a six-count indictment against thirteen defendants and charged Mr. Danson in Count One, Conspiracy to Distribute and Possess with Intent to Distribute PCP, Herion, Cocaine, and Cocaine Base, and Count Four, Maintaining Drug-Involved Premises. Indictment [Dkt. 3]. Six months later a grand jury returned a 63-count

1

superseding indictment against the same defendants, which charged Mr. Danson in Counts 1, 2, 26, 27, 31, 43, 48, and 56. Superseding Indictment [Dkt. 88]. On October 7, 2011, Mr. Danson pleaded guilty to Count Two, Conspiracy to Participate in a Racketeer Influenced Corrupt Organization (RICO), in a wired, Rule 11(c)(1)(C) plea with Defendant Timothy Moon. Plea Agreement [Dkt. 290]. In accepting the plea, Mr. Danson agreed to a sentence of 192 months' (16 years) incarceration. *Id.* ¶ 5.

At his plea hearing, Mr. Danson agreed to the following facts surrounding his involvement in the RICO conspiracy. *See* Factual Proffer [Dkt. 291]. Beginning in or about 2006 and continuing until March 11, 2010, Mr. Danson was a member of an enterprise principally located in the District of Columbia whose objective was to "obtain as much money and things of value as possible through the trafficking of controlled substances, including PCP, heroin, cocaine, cocaine base, and marijuana." *Id.* ¶¶ 1, 3. In order to maintain a marketplace for the enterprise's drug trafficking, the enterprise also committed "acts of murder, armed assault, robbery and other acts of violence." *Id.* ¶ 3. The leader of the enterprise was Mark Pray. *Id.* ¶ 4.

In furtherance of the enterprise, Mr. Danson "sold wholesale and retail amounts of PCP and other narcotics" and, beginning in December 2009, he "also began running a 'stash house.'" *Id.* ¶ 8(a). Between December 2009 and March 2010 Mr. Danson sold narcotics to customers of the enterprise out of the stash house. *See id.* ¶¶ 8(e), (f), (h), (i), (k). Mr. Danson acknowledged that "during the course of the conspiracy, he [was] accountable for at least 3 but less than 10 kilograms of a mixture or substance of PCP." *Id.* ¶ 10.

Before sentencing, a Presentence Investigation Report (PSR) was prepared by the United States Probation Office of the District of Columbia. In that report the Probation Officer

described Mr. Danson's criminal history and calculated the applicable United States Sentencing Guidelines (USSG or Guidelines) range, including the offense score and criminal history category. The Probation Officer determined that Mr. Danson qualified for a three-level enhancement to the base offense level because he met the criteria for "career offender" under USSG § 4B1.1, which resulted in a final offense score of 34. PSR [Dkt. 307] at 15-16.[1] As a result of the "career offender" designation, Mr. Danson was also automatically moved to criminal history category VI. *Id*. at 20. Therefore, Mr. Danson's applicable Guidelines range was 262 to 327 months. *Id*. at 28. On December 21, 2011, the Court accepted Mr. Danson's Rule 11(c)(1)(C) plea and sentenced him to 192 months' incarceration.

In 2015 and 2016, the United States Supreme Court considered two challenges to career offender designations in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Beckles v. United States*, 137 S. Ct. 886 (2017).[2] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminals Act (ACCA) violates the Due Process Clause of the Constitution because it is unconstitutionally vague. *See* 135 S. Ct. at 2557. The ACCA provides for an increased mandatory minimum sentence if a defendant "has three or more earlier convictions for a 'serious drug offense' or a 'violent felony.'" *Id*. at 2555 (quoting 18 U.S.C. § 924(e)(1)). The residual clause is part of the definition of "violent felony" and states that a violent felony includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to

---

[1] Mr. Danson began with a base offense level of 34, received plus three points due to the career offender enhancement, and received minus three points for acceptance of responsibility. Therefore, the total offense level was 34. *See* PSR at 15-16.

[2] A third case is currently pending before the Supreme Court. *See Sessions v. Dimaya*, No. 15-1498 (argued Jan. 17, 2017, reargued Oct. 2, 2017).

another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found the residual clause was unconstitutionally vague because it leaves "grave uncertainty about how to estimate the risk posed by a crime" and "how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2557-58.

In *Beckles*, the Supreme Court addressed another residual clause, this time located in the Guidelines' definition of a "crime of violence." 137 S. Ct. at 890. Although the residual clause in the Guidelines was substantially similar to the clause in the ACCA, the Supreme Court held that the residual clause in USSG § 4B1.2(a)(2) was not void for vagueness because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id*. The Guidelines were distinguishable from the ACCA because they "do not fix the permissible range of sentences," but instead "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. at 892.

On June 13, 2016, Mr. Danson filed his initial *pro se* motion for relief under § 2255 based on *Johnson*. June 13, 2016 Mot. [Dkt. 552]. Per the standing order issued by the United States District Court for the District of Columbia, the Office of the Federal Public Defender filed an abridged § 2255 motion on the basis of *Johnson* on Mr. Danson's behalf, indicating that an updated motion would be filed after the Supreme Court issued its decision in *Beckles*. *See* June 20, 2016 Mot. [Dkt. 554]. On April 10, 2017, following the Supreme Court's decision in *Beckles*, the Federal Public Defender moved to withdraw as counsel for Mr. Danson and the Court granted the motion. *See* Motion to Withdraw [Dkt. 568]; April 10, 2017 Minute Order. Proceeding *pro se*, Mr. Danson filed a supplement to the original § 2255 motion on May

4

26, 2017. Supp. Mot. [Dkt. 571]. The United States opposed, Opp'n [Dkt. 575], and Mr. Danson replied. Reply [Dkt. 578].³ The motion is ripe for review.

## II. LEGAL STANDARD

28 U.S.C. § 2255 permits a defendant to move for the sentencing court to vacate, set aside, or correct its sentence on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The defendant bears the burden of demonstrating entitlement to relief under § 2255. *See United States v. Bell*, 65 F. Supp. 3d 229, 231 (D.D.C. 2014). Section 2255 motions must be filed no later than a year after (1) "the judgment of conviction becomes final," (2) any impediment preventing the filing of the motion is removed, (3) the Supreme Court newly recognizes a right to review, or (4) the facts supporting the claim "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Habeas petitioners are not entitled to discovery as a matter of course, *see Bracy v. Gramley*, 520 U.S. 899, 904 (1997), but a court may authorize discovery if good cause exists, or "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id*. at 908-09.

Noncapital defendants do not have a constitutional or statutory right to counsel during habeas corpus proceedings. *See* 18 U.S.C. § 3599(a)(2) (creating a statutory right to

---

³ This Court has jurisdiction over Mr. Danson's § 2255 motion because it was the court that sentenced him and this is the first motion filed by Mr. Danson pursuant to § 2255. *See* 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3); *see also Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

5

counsel for capital defendants in habeas proceedings). However, a court may provide counsel to a financially eligible person who is seeking habeas relief if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

### III. ANALYSIS

Mr. Danson raises two challenges to his sentence. First, he argues that the logic of *Johnson* should be applied to the residual clause in USSG § 4B1.2 because it is unconstitutionally vague. Supp. Mot. at 1-3. This argument fails due to the Supreme Court's decision in *Beckles*, which held that the Guidelines are not subject to a vagueness challenge because they do not impose a mandatory sentencing structure. *See* 137 S. Ct. at 892. Although Mr. Danson correctly notes that USSG § 4B1.2 ultimately determined the base offense level and criminal history category used to calculate his Guidelines sentencing range, he fails to appreciate the non-binding nature of the Guidelines. The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), made the Guidelines advisory, thereby giving sentencing judges the discretion to go above or below the applicable Guidelines range. Therefore, the only mandatory sentencing ranges are set by statute and Mr. Danson was not subject to a statutory mandatory minimum in this case.

Mr. Danson also argues that the prior offenses used to establish that he was a career offender under USSG § 4B1.2 were insufficient to satisfy the requirements of that Guideline. Supp. Mot. at 3-4. Specifically, Mr. Danson argues that his convictions for "attempted distribution of a controlled substance" and "attempted possession with intent to distribute a controlled substance" do not qualify as controlled substance offenses under USSG § 4B1.2. *Id.* at 4. The government argues that any claims unrelated to *Johnson* are untimely because they were not filed within one year of the conviction becoming final, which occurred on

January 9, 2012. *See* Judgment [Dkt. 336]; 28 U.S.C. § 2255(f)(1). The Court agrees that Mr. Danson has waived his right to challenge his designation as a career offender in the presentence investigative report because this motion was not filed within one year of the conclusion of this case. Even if timely, this argument has no merit.

Mr. Danson pleaded guilty to one count of RICO conspiracy and the applicable Guidelines range is determined by evaluating the underlying racketeering activity. *See* U.S. Sentencing Guidelines Manual (USSG) §§ 2E1.1(a)(2), 2D1.1(a)(5), (c)(3) (U.S. Sentencing Comm'n 2011).[4] In this case, the RICO conspiracy was a drug conspiracy that involved the distribution of PCP, cocaine, and other narcotics. Therefore, the offense of conviction was determined to be a controlled substance offense. *See* PSR ¶¶ 61-62; Plea Agreement ¶¶ 1-2. Mr. Danson's criminal history included a conviction for attempted distribution of cocaine and a conviction for attempted possession with the intent to distribute PCP. *See* Supp. Mot. at 4; PSR ¶¶ 74, 76. Section 4B1.2 defines a controlled substance offense as those offenses punishable by a term exceeding one year that prohibit, *inter alia*, distribution of a controlled substance or possession with intent to distribute a controlled substance. USSG § 4B1.2(b). Application Note 1 to § 4B1.2 also clarifies that convictions for aiding and abetting, conspiracy, and attempt to commit such controlled substance offenses also count toward the career-offender determination. *See id.*, App. Note. 1 ("'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."). An individual is a career offender under USSG § 4B1.1 if he is (1) at least eighteen years old at the time of the offense, (2) convicted of a controlled substance offense, and (3) has two or more

---

[4] All citations to the Guidelines are to the version applicable at the time of sentencing, the November 1, 2011 Guidelines Manual.

prior felony convictions for controlled substance offenses. USSG § 4B1.1(a). Mr. Danson was approximately 20 years old in 2006 when the enterprise began, the instant conviction is for RICO conspiracy involving the distribution of controlled substances, and he has two prior controlled substance convictions (attempted distribution of cocaine and attempted possession with the intent to distribute PCP). Mr. Danson therefore met the criteria to be subject to the career offender Guideline and is not eligible for a reduction in sentence.

The Court also notes that Mr. Danson was not sentenced within the applicable Guidelines range of 262 to 327 months, but was sentenced below the Guidelines consistent with his Rule 11(c)(1)(C) plea. The Court also finds that Mr. Danson has not demonstrated good cause to justify discovery and the interests of justice do not require the appointment of counsel.

## IV. CONCLUSION

For the foregoing reasons, Mr. Danson's Motion for a Reduction in Sentence will be denied. A memorializing Order accompanies this Memorandum Opinion.


Date: December 7, 2017                              /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge